IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


AMOS L. MCLEMORE,                              3:15-cv-00743-BR

            Plaintiff,                         OPINION AND ORDER

v.

CAROLYN W. COLVIN,
Commissioner, Social Security
Administration,

            Defendant.


TIM WILBORN
Wilborn Law Office, P.C.
P.O. Box 370578
Las Vegas, NV 89137
(702) 240-0184

        Attorneys for Plaintiff

BILLY J. WILLIAMS
United States Attorney
JANICE E. HEBERT
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003


DAVID MORADO
Regional Chief Counsel
LISA GOLDOFTAS
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900
Seattle, WA 98104
(206) 615-3858

        Attorneys for Defendant


1 - OPINION AND ORDER

**BROWN, Judge.**

Plaintiff Amos L. McLemore seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter **with prejudice.**

## ADMINISTRATIVE HISTORY

Plaintiff filed an application for SSI on September 1, 2011, and alleged a disability onset date of January 1, 2008.  Tr. 23, 208.[1]  His application was denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on November 4, 2013.  Tr. 31.  At the hearing Plaintiff and a vocational expert (VE) testified.  Plaintiff was represented by an attorney.

On November 18, 2013, the ALJ issued an opinion in which she found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 23-32.  On February 25, 2015, that decision became the final decision of the Commissioner when the Appeals

---

[1] Citations to the official transcript of record filed by the Commissioner on July 21, 2015, are referred to as "Tr.""

Council denied Plaintiff's request for review.  Tr. 1-4.  *See*
*Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).


## BACKGROUND

Plaintiff was born on December 23, 1970.  Tr. 44, 165.
Plaintiff was 42 years old at the time of the hearing.  Plaintiff
has a high-school equivalency degree.  Tr. 44, 223.  Plaintiff
has not performed past relevant work.  Tr. 30, 65.

Plaintiff alleges disability due to his "c-spine surgery,"
sciatic nerve pain, and a "slipped" disc in his lower back.
Tr. 222.

Except when noted, Plaintiff does not challenge the ALJ's
summary of the medical evidence.  After carefully reviewing the
medical records, this Court adopts the ALJ's summary of the
medical evidence.  *See* Tr. 27-30.


## STANDARDS

The initial burden of proof rests on the claimant to
establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th
Cir. 2012).  To meet this burden, a claimant must demonstrate his
inability "to engage in any substantial gainful activity by
reason of any medically determinable physical or mental
impairment which . . . has lasted or can be expected to last for
a continuous period of not less than 12 months."  42 U.S.C.

3 - OPINION AND ORDER

§ 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)).  It is more than a mere scintilla of evidence, but less than a preponderance.  *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings

if they are supported by inferences reasonably drawn from the
record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).
The court may not substitute its judgment for that of the
Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir.
2006).

## DISABILITY ANALYSIS

At Step One the claimant is not disabled if the Commissioner
determines the claimant is engaged in substantial gainful
activity.  20 C.F.R. § 416.920(a)(4)(I).  *See also Keyser v.
Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner
determines the claimant does not have any medically severe
impairments or combination of impairments.  20 C.F.R.
§ 416.920(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner
determines the claimant's impairments meet or equal one of the
listed impairments that the Commissioner acknowledges are so
severe as to preclude substantial gainful activity.  20 C.F.R.
§ 416.920(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The
criteria for the listed impairments, known as Listings, are
enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed
Impairments).

If the Commissioner proceeds beyond Step Three, she must

assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations.  20 C.F.R. § 416.920(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past.  20 C.F.R. § 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. § 416.920(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set

forth in the regulations at 20 C.F.R. part 404, subpart P,
appendix 2.  If the Commissioner meets this burden, the claimant
is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in
substantial gainful activity since his September 1, 2011,
application date.  Tr. 25.

At Step Two the ALJ found Plaintiff has the severe
impairments of degenerative disc disease with fusion, anxiety-
related disorder, below-average intellectual functioning, and
attention-deficit hyperactivity disorder.  Tr. 25-26.

At Step Three the ALJ concluded Plaintiff's medically
determinable impairments do not meet or medically equal one of
the listed impairments in 20 C.F.R. part 404, subpart P, appendix
1.  Tr. 26-27.

In her assessment of Plaintiff's RFC, the ALJ found
Plaintiff can perform light work as defined in 20 C.F.R.
§ 416.967(b).  The ALJ specified Plaintiff can stand and walk for
six hours in an eight-hour workday, sit for six hours in an
eight-hour workday.  The ALJ found Plaintiff can frequently climb
ramps and stairs and can occasionally climb ladders and
scaffolds, stoop, kneel, crouch, and crawl.  The ALJ concluded
Plaintiff can understand, remember, and carry out unskilled,

routine and repetitive work that requires only occasional interaction with supervisors and that does not require a team or cooperative effort with coworkers. The ALJ also found Plaintiff cannot perform work that requires "interaction with the general public as an essential element of the job, but other contact with the general public is not precluded." Tr. 27-30.

At Step Four the ALJ concluded Plaintiff does not have any past relevant work. Tr. 30.

At Step Five the ALJ concluded Plaintiff is capable of performing other jobs existing in the national economy as a housekeeper, electronic assembler, laundry folder, and cannery worker. Tr. 31-32. Accordingly, the ALJ found Plaintiff is not disabled.

## DISCUSSION

Plaintiff contends the ALJ erred when she (1) discredited Plaintiff's testimony without providing legally sufficient reasons for doing so; (2) discredited the opinion of Keli J. Dean, Psy.D., without providing legally sufficient reasons for doing so; (3) failed to find that Plaintiff is disabled at Step Three based on his intellectual impairments; and (4) concluded Plaintiff is not disabled based on an assessment of Plaintiff's RFC that did not fully account for the limitations identified by Plaintiff and Dr. Dean.

I.  **Plaintiff's Testimony**

In *Cotton v. Bowen* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence of an impairment or impairments, and he must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom. *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986). *See also Spelatz v. Astrue*, 321 F. App'x 689, 692 (9th Cir. 2009).  The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity. *Smolen v. Chater,* 80 F.3d 1273, 1284 (9th Cir. 1996). *See also Delgado v. Commissioner of Social Sec. Admin.*, 500 F. App'x 570, 570 (9th Cir. 2012).

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if she provides clear and convincing reasons for doing so. *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).  General assertions that the claimant's testimony is not credible are insufficient. *Id*.  The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester*, 81 F.3d at 834).

At the hearing Plaintiff testified he takes care of his

9 - OPINION AND ORDER

daughter by cooking simple meals and helping her with homework.
Tr. 52.  Plaintiff stated he began to suffer depression and
anxiety while he was incarcerated, and he has had difficulty
being around large groups of people since that time.  Tr. 53-54,
62.  Plaintiff reported he cannot stand for extended periods of
time and has difficulty carrying his grandchildren due to his
back pain.  Tr. 54.

In an Adult Function Report dated November 4, 2011,
Plaintiff reported he is limited because of his leg and back
pain.  Tr. 244.  Plaintiff stated his depression causes sleep
disturbance, and he experiences paranoia and difficulty leaving
the house.  Tr. 244, 246, 249.  Plaintiff reported on some days
he cannot bend over because of his back and leg pain, which makes
it difficult for him to stand up from a seated position.  He also
walks with a cane.  Tr. 245, 249.

In an undated "Disability Report-Appeal" Plaintiff reported
he is "progressively getting worse" and is in "constant pain
daily."  Tr. 252.  In addition, Plaintiff stated:  "On 12/6/11 my
surgeon Dr. Darrell C. Brett, M.D., P.C., deemed me as permanent
[*sic*] disabled due to my lumbar spine surgery not working."
Tr. 255.

The ALJ discredited Plaintiff's testimony because Plaintiff
has a poor work history, Plaintiff's allegations are inconsistent
with his activities of daily living, and records from Dr. Brett

contradicted Plaintiff's allegations.

The ALJ is correct that records from Dr. Brett supported the ALJ's conclusion that Plaintiff is capable of light work. Contrary to Plaintiff's report that Dr. Brett stated on December 6, 2011, that Plaintiff was "permanent[ly] disabled", Dr. Brett noted on that date that Plaintiff "has no objective neurologic deficit"; "is medically stationary"; and "will have a moderate permanent partial disability in that he should not lift or carry more than 25 lbs., perform any repetitive lifting, bending or stooping, or sit or stand in a stationary position for more than two consecutive hours." Tr. 504. Accordingly, on December 6, 2011, Dr. Brett released Plaintiff to perform work consistent with those limitations. Tr. 502.

Moreover, the ALJ reasonably concluded Plaintiff's reported activities (including caring for his daughter, helping with homework, and successfully taking classes to obtain his GED) were inconsistent with Plaintiff's allegations that he had disabling intellectual impairments and ADHD. Finally, the ALJ reasonably found Plaintiff's lack of work history over an extended period of time suggested "reasons other than medical conditions explain why the claimant is not working." Tr. 28, 186.

Accordingly, on this record the Court concludes the ALJ did not err when she discredited Plaintiff's testimony because the ALJ provided legally sufficient reasons for doing so.

## II.  <u>Dr. Dean's Opinion</u>

An ALJ may reject an examining or treating physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record.  *Taylor v. Comm'r of Soc. Sec.,* 659 F.3d 1228, 1232 (9th Cir. 2011).  When the medical opinion of an examining or treating physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it.  *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 821, 830-31 (9th Cir. 2010)(quoting *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)).  The opinion of a treating physician is "given greater weight than the opinions of other physicians." *Kelly v. Astrue*, 471 F. App'x 674, 676 (9th Cir. 2012)(quoting *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996)).

A nonexamining physician is one who neither examines nor treats the claimant.  *Lester*, 81 F.3d at 830.  *See also Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).  "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician."  *Taylor,* 659 F.3d at 1233 (quoting *Lester*, 81 F.3d at 831).  When a nonexamining physician's opinion contradicts an examining physician's opinion and the ALJ gives greater weight to the nonexamining physician's

opinion, the ALJ must articulate her reasons for doing so with specific and legitimate reasons supported by substantial evidence. *See, e.g.*, *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). "An ALJ may reject a . . . Physician's opinion if it is based to a large extent on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (internal quotation marks omitted)(citing *Morgan v. Comm'r of Soc. Sec.,* 169 F.3d 595, 602 (9th Cir. 1995)). *See also Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)("[A]n opinion of disability premised to a large extent upon the claimant's own accounts of his symptoms and limitations may be disregarded, once those complaints have themselves been properly discounted.").

Dr. Dean conducted a "cognitive and psychological evaluation" on February 19, 2013, in which she administered several tests and conducted an interview, but she did not have Plaintiff's medical records to review. Tr. 528. Although Dr. Dean noted in several instances that Plaintiff's responses were unusual and that Plaintiff "may not have answered in a completely forthright manner" during some tests, Dr. Dean found Plaintiff had a "low level of cognitive functioning" and that Plaintiff's "verbal comprehension abilities, working memory issues, and impaired processing speed all suggest Amos likely has difficulty learning new job tasks, following multistep

instructions, and with working at a speed commensurate of that of his peers." Tr. 531-41. Dr. Dean also noted Plaintiff's "intellectual scores falls [*sic*] in the range which would qualify him for a diagnosis of borderline intellectual functioning. His low intellectual functioning will be a significant barrier to future training and employment." Tr. 540.

In a Mental Residual Functional Capacity Report Dr. Dean opined Plaintiff would be markedly limited in his abilities to understand and to remember detailed instructions, to carry out detailed instructions, and to maintain attention and concentration for extended periods. Tr. 545-46. Dr. Dean also noted, however, that Plaintiff was not significantly limited in his abilities to understand, to remember, and to carry out short and simple instructions; to sustain an ordinary routine without special supervision; to make simple work-related decisions; and to interact appropriately with the general public. Tr. 545-46.

 Dr. Dean's opinion was contradicted by the reviewing opinion of Joshua J. Boyd, Psy.D. Tr. 87-89. Accordingly, the ALJ was required to provide specific and legitimate reasons for discrediting Dr. Dean's opinion. *See Taylor*, 659 F.3d at 1232.

The ALJ gave Dr. Dean's opinion "limited weight" because her opinion was inconsistent with the record as to Plaintiff's activities of daily living, was inconsistent with Plaintiff's past educational and occupational activities, and was based on

14 - OPINION AND ORDER

Plaintiff's subjective self-reporting.  Tr. 30.  The ALJ noted,
however, that Dr. Dean's assessment was "taken into account in
the RFC, where the claimant is limited to unskilled, routine and
repetitive work and occasional social interactions."  Tr. 30.

The ALJ reasonably rejected the full extent of the mental
limitations outlined in Dr. Dean's opinion on the basis that her
conclusions as to Plaintiff's significant intellectual deficits
were inconsistent with Plaintiff's history of performing
landscaping work during his time in prison, completing his GED,
and maintaining independent activities of daily living.
Moreover, the record reflects the ALJ correctly found Dr. Dean
relied on Plaintiff's self-reporting both in an interview and
during some of the testing.  Because, as noted, the ALJ provided
legally sufficient reasons for discrediting Plaintiff's
testimony, the ALJ could also discredit Dr. Dean's testimony on
this basis.

Accordingly, on this record the Court concludes the ALJ did
not err when she partially discredited Dr. Dean's opinion because
the ALJ provided legally sufficient reasons for doing so.

## III. **Step Three**

At Step Three the Commissioner must determine whether a
claimant's impairments meet or equal one of the listed
impairments and are so severe that they preclude substantial
gainful activity.  The claimant is disabled if the Commissioner

15 - OPINION AND ORDER

determines the claimant's impairments meet or equal one of these requirements.  20 C.F.R. § 416.920(a)(4)(iii).  *See also Keyser v. Comm'r of Soc. Sec. Admin.,* 648 F.3d 721, 724 (9th Cir. 2011).  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).  SSR 96-6p provides in pertinent part:

> [L]ongstanding policy requires that the judgment of a physician (or psychologist) designated by the Commissioner on the issue of equivalence on the evidence before the administrative law judge or the Appeals Council must be received into the record as expert opinion evidence and given appropriate weight.

In addition, the Ninth Circuit has held generalized assertions of functional problems are insufficient to establish that a claimant meets or equals a Listing at Step Three.  *See, e.g., Reed-Goss v. Astrue,* 291 F. App'x 100, 101 (9th Cir. 2008)("'To meet a listed impairment, a claimant must establish that he or she meets each characteristic of a listed impairment relevant to his or her claim.'" (quoting *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999)).

Plaintiff contends Dr. Dean's assessment of Plaintiff's intellectual functioning demonstrates Plaintiff meets or equals the criteria of Listing 12.05C.  As noted, however, the ALJ appropriately discredited Dr. Dean's findings regarding Plaintiff's intellectual functioning.  Dr. Dean's opinion, therefore, could not provide the basis for a Step Three finding that Plaintiff is disabled.

16 - OPINION AND ORDER

Accordingly, on this record the Court concludes the ALJ did not err at Step Three.

**IV.    RFC Error**

Finally, Plaintiff contends the ALJ erred in her evaluation of Plaintiff's RFC because the ALJ failed to account for all of the limitations contained in Plaintiff's testimony and the opinion of Dr. Dean.  Because the Court concludes the ALJ did not err when she discredited the testimony of Plaintiff and Dr. Dean, however, the ALJ did not err when she formulated her evaluation of Plaintiff's RFC without including the full extent of limitations that were part of that testimony.

**CONCLUSION**

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter **with prejudice.**

IT IS SO ORDERED.

DATED this 21st day of April, 2016.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

17 - OPINION AND ORDER